UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dos Amigos, Inc., a California corporation,<br><br>         Plaintiff,<br><br>v.<br><br>Embotelladora Aga del pacific, S.A. de C.V., a corporation of Mexico,<br><br>         Defendant. | Case No.:  21cv231-JO-DDL<br><br>**GRANTING EX PARTE MOTION TO APPOINT SPECIAL PROCESS SERVER** |

  Plaintiff Dos Amigos, Inc. filed its complaint on February 5, 2021. Dkt. 1. On June 16, 2021, the Court ordered Plaintiff to show cause why this case should not be dismissed for failing to serve Defendant, a foreign corporation. Dkt. 3. On July 13, 2021, Plaintiff filed a response to the OSC, requesting 90 more days to serve Defendant. Dkt. 4. After more than 160 days had passed, Plaintiff had still not served the complaint. On December 20, 2021, the Court issued a second order to show cause why this case should not be dismissed for failure to prosecute. Dkt. 5. Plaintiff did not respond to the second order to show cause. After this case was transferred to the undersigned, Plaintiff filed an *ex parte* motion requesting that the Court appoint a special process server to serve Defendant in Mexico in accordance with Federal Rule of Civil Procedure 4, which the Court construed as a request for extension of time to serve Defendant. Dkt. 9. On October 14, 2022, Plaintiff filed a renewed *ex parte* motion to appoint a special process server. Dkt. 10.

The Court grants Plaintiff's motion to appoint a special process server but clarifies that such service must comply with the Hague Convention. Federal Rule of Civil Procedure 4 authorizes service of process on foreign business entities "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." *See* Fed. R. Civ. P. 4(f)(1), 4(h)(2). Because the United States and Mexico are both signatories to the Hague Convention, the Hague Convention provides the exclusive means by which Plaintiff can serve Defendant. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 468 U.S. 694, 706 (1988) (holding that the Hague Convention is "the exclusive means of valid service" for entities in countries that are signatories to the Hague Convention). Under the Hague Convention, service in Mexico must be effected through Mexico's Central Authority. *OGM, Inc. v. Televisa, S.A. de C.V.*, 2009 WL 1025971, at *3 (C.D. Cal. Apr. 15, 2009); *Wright v. Old Gringo Inc.*, 2018 WL 3584483, at *2 (S.D. Cal. July 26, 2018). Here, service via a special process server is permissible only insofar as the special process server complies with the Hague Convention. Therefore, the Court grants Plaintiff's motion to appoint a special process server for the purpose of effecting service under the Hague Convention.

Accordingly, the Court GRANTS Plaintiff's motion [Dkt. 10] and orders that APS International, Ltd., including its designated agents, is appointed and authorized to effect service of process in Mexico on Defendant Embotelladora Aga del Pacifico, S.A. de C.V. Service shall be effected consistent with the requirements of the Hague Convention.

**IT IS SO ORDERED.**

Dated: October 24, 2022

Hon. Jinsook Ohta
United States District Court